FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 06 2016

JAMES W. McCORMACK, CLERK
By: _____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| TERRA HAMMONS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) 4:16cv720-BSM |
| DYNAMIC RECOVERY SOLUTIONS, LLC, | ) |
| | ) |
| Defendant. | ) |

# COMPLAINT

NOW COMES the Plaintiff, TERRA HAMMONS, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against the Defendant, DYNAMIC RECOVERY SOLUTIONS, LLC, Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq and the Telephone Consumer Protection Act (hereinafter "TCPA"), 47 U.S.C. §227, et seq.

### II.   JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., the TCPA, 47 U.S.C. §227, et seq. and pursuant to 28 U.S.C. §1331.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4. TERRA HAMMONS, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Conway, County of Faulkner, State of Arkansas.

This case assigned to District Judge Miller
and to Magistrate Judge Volpe

1

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly originally owed by Plaintiff to St Vincent Health System (hereinafter, "the Debt").

6. The Debt was incurred for medical treatment for Plaintiff.

7. Upon information and belief, Link Revenue Resources purchased, acquired and/or otherwise obtained the Debt for the purpose of collection from Plaintiff.

8. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. DYNAMIC RECOVERY SOLUTIONS, LLC, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Arkansas. Defendant's principal place of business is located in the State of South Carolina. Defendant is registered as a limited liability company in the State of South Carolina.

10. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

11. Upon information and belief, Defendant was hired by Link Revenue Resources to collect the Debt from Plaintiff.

12. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

13. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

14. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

15. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

### COUNT I: VIOLATION OF THE FDCPA

16. On or about July 6, 2016 Defendant sent Plaintiff a correspondence in an attempt to collect a debt allegedly owed by Plaintiff to Link Revenue Resources. (A true and exact copy of said correspondence sent by Defendant to Plaintiff, dated July 6, 2016, is attached hereto as **Exhibit A**).

17. On or about, July 6, 2016, Plaintiff received the correspondence from Defendant, dated July 6, 2016.

18. The correspondence Defendant sent to Plaintiff, dated July 6, 2016, was Defendant's initial communication with Plaintiff relative to the Debt.

19. In the correspondence sent to Plaintiff by Defendant, dated July 6, 2016, Plaintiff was informed of her rights to dispute the Debt.

20. On or about July 19, 2016, Plaintiff sent a written correspondence to Defendant. (A true and exact copy of said correspondence sent by Plaintiff to Defendant, dated July 19, 2016, is attached hereto as **Exhibit B**).

21. Plaintiff's written correspondence to Defendant, dated July 19, 2016, as delineated in the preceding paragraph, was sent to Defendant within thirty (30) days of Plaintiff having received Defendant's correspondence, dated July 6, 2016.

22. Defendant received Plaintiff's correspondence dated July 19, 2016.

23. In the correspondence dated July 19, 2016 sent by Plaintiff to Defendant, Plaintiff stated that her correspondence was being sent in response to a letter received from Defendant, dated July 6, 2016.

24. In the correspondence dated July 19, 2016 sent by Plaintiff to Defendant, Plaintiff stated that the Debt was disputed.

25. In the correspondence dated July 19, 2016 sent by Plaintiff to Defendant, Plaintiff requested that Defendant provide Plaintiff with documentation to validate the Debt.

26. On August 1, 2016 and again on August 3, 2016, Defendant contacted Plaintiff by telephone in a further attempt to collect the Debt.

27. Prior to on or about August 1, 2016, Defendant had received a copy of Plaintiff's correspondence, dated July 19, 2016.

28. Prior to on or about August 1, 2016, Defendant was cognizant that Plaintiff disputed the Debt.

29. Prior to on or about August 1, 2016, Defendant was cognizant that Plaintiff had timely requested information from Defendant to validate the Debt.

30. At no time prior to on or about August 1, 2016, did Defendant provide Plaintiff with documentation to validate the Debt.

31. In its attempts to collect the debt allegedly owed by Plaintiff to Link Revenue Resources, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a. Continued to attempt collection of the debt allegedly owed by the consumer despite having failed to mail to the consumer verification of the debt by the original creditor or the name and address of the original creditor in response to receiving a timely written notification from the consumer that the debt was disputed or notification that the consumer requests the name and address of the original creditor in violation of 15 U.S.C. §1692g(b);

b. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

32. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, TERRA HAMMONS, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

a. All actual compensatory damages suffered;

b. Statutory damages of $1,000.00;

c. Plaintiff's attorneys' fees and costs;

d. Any other relief deemed appropriate by this Honorable Court.

## COUNT II: VIOLATION OF THE TCPA

33. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

34. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

35. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA provides a private cause of action to persons who receive calls in violation of Section 227(b)(1)(A). *Id.* § 227(b)(3).

36. Defendant made and/or placed telephone calls to Plaintiff's cellular telephone number, in an effort to collect a Debt from Plaintiff.

37. Defendant willfully and knowingly utilized an automatic telephone dialing system to make and/or place telephone calls to Plaintiff's cellular telephone number.

38. Plaintiff did not provide Defendant with the cellular telephone number dialed by Defendant.

39. Plaintiff did not provide St Vincent Health System with the cellular telephone number dialed by Defendant.

40. Plaintiff did not provide Link Revenue Resources with the cellular telephone number dialed by Defendant.

41. Defendant called Plaintiff's cellular telephone number on August 1, 2016, August 3, 2016 and other multiple dates.

42. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly utilizing an automatic telephone dialing system to make and/or place telephone calls to Plaintiff's cellular telephone number.

WHEREFORE, Plaintiff, TERRA HAMMONS, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

  a. All actual compensatory damages suffered;

  b. Statutory damages of $500.00 per violation, pursuant to 47 U.S.C. §227(b)(3)(B);

  c. Statutory damages of $1500.00 per violation, pursuant to 47 U.S.C. §227(b)(3)(C); and,

  d. Any other relief deemed appropriate by this Honorable Court.

## V. JURY DEMAND

43. Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,
**TERRA HAMMONS**

By: _____
Larry P. Smith
Attorney for Plaintiff

Dated: October 3, 2016

Larry P. Smith (Atty. No.: 6217162)
SMITHMARCO, P.C.
20 South Clark Street, Suite 2120
Chicago, IL 60603
Telephone: (312) 324-3532
Facsimile: (888) 418-1277
E-Mail: lsmith@smithmarco.com

# EXHIBIT A



PO BOX 25759
GREENVILLE, SC 29616-0009

**DYNAMIC RECOVERY SOLUTIONS**

PO BOX 25759
GREENVILLE, SC 29616-0759
Toll Free: 877-821-1659
Hours of Operation: Mon-Fri 8AM - 9PM EST
http://drs.cssimpact.com/negotiator/



Terra E Evans
Conway, AR 72032-2629

July 6, 2016

Terra E Evans,

Our office has been designated to represent Link Revenue Resources regarding your seriously delinquent account.

**Your account is past due. Please contact our office via telephone, mail, or online.**

If you are unable to pay the balance in full, please contact our office for a partial payment plan that you can afford. We take pride in working with all customers, regardless of your current financial position.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, we will assume that this debt is valid. If you notify us of any such dispute in writing within 30 days from receiving this notice, we will obtain verification of the debt or obtain a copy of a judgment and mail it to you. If you request validation in writing within 30 days after receiving this notice we will provide you with the name and address of the original creditor if different from the current creditor.

**Master Servicer:** Link Revenue Resources
**Current Account No:** ######2109
**Original Creditor:** ST. VINCENT HEALTH SYSTEM
**Original Account No.:** ******00108
**Current Balance:** $179.13



http://drs.cssimpact.com/negotiator/

The law limits how long you can be sued on a debt. Because of the age of your debt, Link Revenue Resources will not sue you for it. If you do not pay the debt, Link Revenue Resources may report it to the credit reporting agencies as unpaid. If you make a partial payment on this account it may restart the statute of limitations on this account.

**This is an attempt to collect a debt and any information obtained will be used for that purpose.**
This communication is from a debt collector.



563071  00000333
VAL  DRS.wfd

# EXHIBIT B

7-15-16

Terra Hammons

▓▓▓▓▓▓▓▓▓▓▓▓▓

Conway AR 72032

Acct ▓▓▓▓▓ 2109

Dynamic Recovery Solutions
PO Box 25759
Greenville SC 29616

Dear Dynamic Recovery Solutions,

I am writing in response to your letter dated 7-6-2016. I am disputing the referenced debt. I am unsure of how I am being sent to a collection agency when I have yet receive an original notice of debt from Link Revenue Services.

I am requesting that you send me verification of the debt or a copy of the judgement against me and mail the items to me. Please stop all calls and send any correspondences regarding the debt via mail to the address above.

I would like a copy of the paperwork I signed along with a breakdown of what I am being charged for.

Sincerely,

Terra Hammons
*(signature)*